## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI, DIVISION

FILED by __AC__ D.C.

JAN 3 1 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA – FT. LAUD

UNITED STATES OF AMERICA     (
                             (
        V.                   (     CASE NO: 1:16-CR-20877-KMW
                             (
HENRY EDUARDO-CHAVEZ         (

Before Honorable: KATHLEEN M. WILLIAMS, A U.S. District Judge.

## "MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TITLE 28 U.S.C. § 2255".

Comes now, **Henry Eduardo-Chavez, Pro Se litigant and self repre sentation under Haines v. Kerner, 404 U.S. 519, (1972).** And moves this Honorable Court to hold this pleading to a less stringent standard than pleading drafted by Attorney's and will therefore be liberally construed. **Tannenbaum v. United States, 148 F.3d 1262, 1263, (1998).**

### BACKGROUND HISTORY:

On or about November 1, 2016, the defendant/petitioner was charge by the Grand Jury for the Southern District of Florida, Miami Division with violation of Count One: False Statement to Obtain Passport, title 18 U.S.C. § 1542. And Count Two: Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1).

On or about September 21, 2017, the petitioner was sentenced to 30 Months Imprisionment, followed by three years of Supervised Release, and $200.00 Dollars Special Assessment. And no appeal was taken by Attorney of record.

Petitioner Chavez' asserts that right after sentence he haded a little conversation with Attorney of record, about the possibility of appealing his sentence, to the Eleventh Circuit Court of Appeals.

Defense Attorney said we are going to have one more opportunity to speak-up about the issue. That was the end of the conversation, right after sentencing.

Now petitioner contends that his Defense Attorney, never returned to the County Jail to speak-up, about his appeal.

Petitioner respectfully requests from this Honorable Court to allow the petitioner to file a belated appeal to the Eleventh Circuit Court of Appeals.

Petitioner also request the following;

(1) Request for Sentencing Transcripts, as provided without charge in 28 U.S.C. § 2255 proceedings, to persons Granted permission to proceed in Forma Pauperis, 28 U.S.C. § 753(f) § 2250.

(2) Respectfully requests an appointment of New Counsel, as required by Rule 44(a), in Forma Pauperis statutes in General, 18 U.S.C. § 3006A. (a)(2)(B), (3006A(e), 28 U.S.C. § 1915(e)(1), provide access to the judicial system to indigent persons. See, (CJA),(3006A).

(3) Respectfully requesting any forms, that the petitioner may need to file in order to comply, with the local rules of this Court. Forms to proceed in Forma Pauperis, or any other relief Order by this Honorable Court.

Petitioner pray's that this Honorable Court Grant his petition to proceed in Forma Pauperis on Appeal.

Page 2.

## ARGUMENT OF GROUND ONE: COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILURE TO FILE A NOTICE OF APPEAL AS REQUESTED BY PETITIONER.

Petitioner asserts that a claim brought before this Honorable Court it only will bring expenses and inconvenience to the United States Marshalls Service, as well as the United States Attorney's (AUSA) Office, which must utilize it overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing.

Additionally, in light of the Eleventh Circuit opinion in **Gomez-Diaz v. United States, 433 F.3d 788, (11th Cir. 2005),** the fact that the defendant executed a written plea agreement containing a provision in which he waived his right to appeal and collaterally challenge his sentence in the underlying criminal case does [not] foreclose him from raising Ineffective Assistence of Counsel claim based on trial Counsel's alleged failure to pursue a Direct-Appeal.

It is well settled case law that "a Lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in manner that is professionally unreasonable **"Roe v. Flores-Ortega, 528 U.S. 470, 477, 120, S.Ct. 1029, 145, L.Ed 2d 985 (2000) (Applying the reasonable effective)** legal assistence test from, **Strickland v. Washington, 466 U.S. 668, 104, S.Ct. 2082, 80, L.Ed 2d 674 (1984).** To a claim that Counsel was ineffective for failing to file a notice of appeal.

There are presumptions of prejudice with no further showing from defendant of the merits of his underlying claims when the violation, of the right to counsel rendered the proceeding presumptively unreliable or entirely non-existent.

Page 3.

A defendant need not establish that his Direct-Appeal would have been arguably meritorious; he need only show that his Counsel's Constitutionally deficient performance deprived him of an appeal he would have otherwise taken.

In this present case petitioner requested to his Attorney to file his notice of appeal. See, **Gomez-Diaz, Id. At. 433 F.3d 788.** Petitioner asserts that Counsel deprived petitioner of his **Fifth, Sixth, and Fourteenth Amendments, Constitutional Rights to appeal, effective assistence of Counsel, and Due Process Of Law,** when failing to file a timely notice of appeal. **Francisco Gomez-Diaz v. United States, 433 F.3d 788, (11th Cir. 2005).** A defendant is entitled to effective assistence of Counsel on the first appeal of his conviction where such an appeal is a matter of right. See, **EVITTS V. LUCEY, 469 U.S. 387, 396, 105, S.Ct. 830, 83, L.Ed 2d 821, (1985).**

The petitioner asserts that he has a Sixth Amendment right to have a effective assistence of Counsel. [but] his trial-Attorney fell below an objective standard of reasonableness, to provide with, a competent assistence of Counsel. **Strickland v. Washington, 466 U.S. 668, 104, S.Ct. (1984) 2082 80, L.Ed 2d 674. And HILL V. LOCKHART, 474 U.S. 52, 106, S.Ct. 336, 88, L.Ed 203.** The Supreme Court has recognized that "the right to Counsel is the right to effective assistence of Counsel" **McMann v. Richardson, 397, U.S. 759, (1970).** The Government violates the right to effective assistence of Counsel when it interferes in certain ways with the ability of Counsel to make independent decisions about how to conduct the defense. See, **Geders v. United States, 425, U.S. 80, (1976).** Counsel whoever can also deprive a defendant of the right to legal assistence, simply by failing to render adequate legal assistence.

Page 4.

Further, the petitioner contends that because of his Attorney's failure to file the notice of appeal to the Eleventh Circuit Court of Appeals, caused the petitioner to miss his Direct-Appeal. It's unfair to the petitioner, the deprivation of his right to file his Direct-Appeal, and the right to file his **Writ of Certiorari to the United States Supreme Court.** In short, the Eleventh Circuit and six other Courts of Appeals hold "that a waiver of appeal does not relieve Counsel of the duty to file a notice of appeal on a client's request." **Nunez v. United States, 546 F.3d 450, 453, (7th Cir. 2008) (citing Campusano v. United States, 442 F.3d 770, 772-77 (2nd Cir. 2006); United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); Watson v. United States, 493 F.3d 960 (8th Cir. 2007); United States V. Sandoval-Lopez, 409 F.3d 1193, 1195-99 (9th Cir. 2005); United States v. Garrett, 402 F.3d 1262, 1265-67 (10th Cir. 2005); Gomez-Diaz v. United States, 433 F.3d 788, 791-94 (11th Cir. 2005).**

Petitioner respectfully requests that this Honorable Court Vacate its Sentence. When the district court for the Eleventh Circuit conclude that an out-of-time appeal in a criminal case is warrantend as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4 (b)(1)(A)(I). **United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).**

Page 5.

**GROUND TWO: WAS DEFENDANT'S SENTENCE SUBSTANTIALLY REASONABLE IN LIGHT OF THE TOTALITY OF CIRCUMSTANCES OF TITLE 18 U.S.C. § 3553(a)?.**

Petitioner contends that he was prejudiced because his Attorney's omissions caused the district court not to review § 3553(a) factors in the most properly manner. Petitioner cites the authority of, **United States v. Booker, 543 U.S. 220, 160, L.Ed 2d 621, 125, S.Ct. 738, (2005).** In United States Booker, the Supreme Court excised two provisions from United States Sentencing Guideline, including "the provisions that requires sentencing courts to impose a sentence within the applicable range (in the absence of circumstances that justify a departure)[.]".**543 U.S. 220. 259, (2005).** In doing so, the court made the guideline advisory, freeing sentencing courts to consider the Guideline, but also consider other factors, in imposing a sentence that is "Sufficient, but not greater than necessary, to comply with the purpose [of sentencing]" that are set forth in Section 3553(a)(2). See 18 U.S.C. § 3553(a).

Indeed, the Booker Court specifically directed sentencing courts to consider factors under Section 3553(a) in imposing a sentence: Section 3553(a), remains in effect, and sets forth numerous factors that guide sentencing." 543 U.S. AT. 261.

Petitioner contends that his sentence was to much harsh compared with cases that have similar records, and similar conduct.

NOW, petitioner contends, that his Attorney of record misadvised the petitioner when he told him, that if he plea guilty he was going to receive a maximum sentence of Six Months imprisonment,

but at sentencing the petitioner was sentenced to 30 months imprisionment, and no appeal was taken by Attorney of record.

Now petitioner contends that **(1) the district court erred in accepting his guilty plea to aggravated identity theft because there was [not] a sufficient factual basis for the offense; (2) his guilty plea to aggravated identity theft was not knowing and voluntary; (3) the sentence is procedurally unreasonable because the court failed to sufficiently explain why the sentence was not reduced under the guideline range, for providing substantial assistence; (4) Counsel was ineffective in advising him to plea guilty to aggravated identity theft when there was no factual basis for the plea.** Rule 11(b)(3) requires a district court to determine whether there is a factual basis for the plea before entering judgment on a guilty plea. **United States v. Ketchum, 550 F.3d 363, 366, (4th Cir. 2008).**

## CONCLUSION:

For all the foregoing reasons stated above the petitioner respectfully request from this Honorable Court (1) to vacate sentence; (2) Grant a downward variance, for substantial--assistence, (3) Order a belated appeal, to the Eleventh Circuit Court of Appeals (4) allow petitioner to proceed in Forma Pauperis, on appeal; (5) appoint New Counsel, as required by Rule 44(a),(CJA),(3006A).

God bless this Honorable Court of Justice.

SIGNED BY: _____   DATED: _1-20-2018_

Page 7.

## CERTIFICATE OF SERVICE:

I, Henry Eduardo-Chavez, certify under penalty of perjury title 28 U.S.C. § 1746, that the information given in this petition are true and correct, and I have had send the original of this Memorandum Of Law in support of Motion to Vacate, Set Aside or Correct Sentence, Pursuant Title 28 U.S.C. § 2255, to the United States Clerk of Court, via U.S. Postal Service.


Respectfully Submitted By: _____

Dated: January 20, 2018. _____



Page 8.